```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
UNITED STATES OF AMERICA,                :
                                         :
                                         :
             -against-                   :    MEMORANDUM
                                         :    & ORDER
REAVON RICARDO BROWN,                    :
                                         :    15-CR-551 (ENV)
                       Defendant.        :
-------------------------------------------------------------- x
```

VITALIANO, D.J.

On August 15, 2017, defendant Reavon Ricardo Brown was sentenced to 181 months' imprisonment, plus five years' supervised release, after pleading guilty to Hobbs Act robbery and unlawful use of a firearm. *See* Judgment, Dkt. 56, at 1–2, 5. The charges stemmed from his role in a spree of armed robberies. *See* Superseding Indictment, Dkt. 12. Brown is currently incarcerated at USP Allenwood in Allenwood, Pennsylvania, with a projected release date in 2028. Def.'s Mot., Dkt. 86, at 6; Gov't Opp'n, Dkt. 91, at 2. Brown moved *pro se* for compassionate release under 18 U.S.C. § 3582(c)(1)(A) on January 14, 2021. *See* Def.'s Mot. at 1. He argues that release is warranted because he contracted COVID-19 last November and did not receive adequate medical care, noting that his asthma raises his risk for complications from the disease. *Id.* at 5. The government opposes Brown's motion, arguing that release is not warranted because Brown has already recovered from COVID-19. Gov't Opp'n at 3–5. For the reasons that follow, Brown's motion is denied.

## Legal Standard

As amended by the First Step Act, § 3582(c) allows the sentencing court to reduce a defendant's sentence and order early release if it finds that "extraordinary and compelling

reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The sentencing guidelines, U.S.S.G. § 1B1.13, provide guidance as to what constitutes an "extraordinary and compelling reason," including: (i) serious/terminal illness, (ii) age of at least 65 plus serious deterioration of physical/mental health, (iii) family circumstances, such as the death of a minor child's caregiver, or (iv) "other reasons." *See* U.S.S.G. § 1B1.13 Application Note 1. The Second Circuit has held, though, that "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release," looking beyond the outdated Guidelines factors. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Last, § 3582(c) directs courts to consider whether the § 3553(a) factors, such as the seriousness of the defendant's offenses, outweigh the extraordinary and compelling reasons for release and thus counsel against a sentence reduction. 18 U.S.C. § 3582(c)(2) (citing 18 U.S.C. § 3553(a)); *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020).

Discussion

Because Brown has exhausted his administrative remedies, his motion is considered solely on the merits.[1] Brown is one of a growing number of defendants seeking compassionate release based on a positive COVID-19 diagnosis. As the course of the pandemic has continued,

---

[1] The First Step Act amended § 3582(c)(1)(A) to allow courts to reduce a term of imprisonment upon defendant's own motion after either (i) the Bureau of Prisons ("BOP") had denied defendant's request that BOP file a motion on his behalf or (ii) 30 days had passed since the warden of defendant's facility received his request that BOP file a motion on his behalf, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A)(i). Brown represents that, on December 9, 2020, he requested BOP to file a compassionate release motion on his behalf. Def.'s Mot. at 3. BOP denied his petition on December 15. *Id*. at 7. The government does not challenge Brown's motion on administrative exhaustion grounds. Gov't Opp'n at 2.

the courts, have formulated a generally accepted response to such motions. Because "'the main point of releasing an individual is to decrease the person's chance of contracting COVID-19'. . . , many courts have determined that a positive diagnosis itself is not an extraordinary and compelling reason for release," and this Court embraces that view. *United States v. Neubert*, No. 14-CR-200 (WMS), 2021 WL 248008, at *5 (W.D.N.Y. Jan. 26, 2021) (quoting *United States v. Rodriguez*, No. 19-CR-64 (VLB), 2020 WL 4581741, at *2 (D. Conn. Aug. 10, 2020) and collecting cases); *see also United States v. Delorbe-Luna*, No. 18-CR-384 (VC), 2020 WL 7231060, at *2 (S.D.N.Y. Dec. 7, 2020) ("[A] defendant's successful recovery from COVID-19 weighs against granting that defendant compassionate release."). Nor, given their highly speculative nature, do the remote risk of reinfection or potential long-term health effects from COVID-19 constitute extraordinary and compelling factors justifying release. *See, e.g.*, *United States v. Pena*, No. 18-CR-640 (RA), 2021 WL 396420, at *2 (S.D.N.Y. Feb. 4, 2021); *see also Interim Guidance on Duration of Isolation and Precautions for Adults with COVID-19*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/hcp/duration-isolation.html (last visited Mar. 4, 2021) (describing "few confirmed cases of reinfection" among "millions of SARS-CoV-2 infections worldwide"). Instead, courts focus on the defendant's "present need for medical treatment and the adequacy of the treatment that he is receiving," *United States v. Zubkov*, 460 F. Supp. 3d 450, 454 (S.D.N.Y. 2020), and ability to provide self-care, *Neubert*, 2021 WL 248008, at *6.

Brown says he contracted COVID-19 on around November 9, 2020 during an outbreak that began in his housing unit. *See* Def.'s Nov. 27 Letter, Dkt. 85, at 1.[2] Brown was placed in

---

[2] News reports from the time corroborate the outbreak. *See* John Beauge, *Allenwood Federal Penitentiary on Virtual Lockdown Amid Spike in COVID-19 Cases*, PennLive (Nov. 24, 2020), https://www.pennlive.com/coronavirus/2020/11/allenwood-federal-penitentiary-on-virtual-

medical isolation, where he says he soon began experiencing severe symptoms but did not receive treatment or a COVID-19 test for around a week. *Id.* His medical records, however, show that on November 9, he tested negative for COVID-19 and was asymptomatic. Dkt. 92-1 at 36–37. Another test was ordered on November 17, and he received a positive test result on November 20. *Id.* at 5; Def.'s Mot. at 9. On December 3, Brown was released from quarantine after he tested negative and had his vital signs and oxygen saturation measured. Gov't Opp'n at 2; Dkt. 92-1 at 2, 28. Medical records from that date reflect that he did not have a cough, shortness of breath, fatigue, body aches, loss of taste or smell, headache or other common COVID-19 symptoms. Dkt. 92-1 at 28. Notwithstanding, Brown says that as of December 30, he "continue[d] to feel minor severe symptoms." Def.'s Mot. at 5. Yet medical records through February 9, 2021 show that Brown did not seek or receive additional treatment related to COVID-19, but does have an active prescription for an inhaler to treat his asthma. *See generally* Dkts. 92-1, 92-2, 92-3.

Given Brown's recovery from COVID-19, the Court concludes that his present medical needs do not warrant compassionate release. The Court acknowledges that Brown has asthma and a body-mass index of over 25, which may increase the risk of complications from COVID-19. *See* Def.'s Mot. at 10–11; *People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 4, 2021). At the same time, because Brown contracted

---

lockdown-amid-spike-in-covid-19-cases.html. Currently, BOP reports that two inmates and three staff have active cases of COVID-19, 128 inmates and 28 staff have recovered and one inmate has died. *See COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited Mar. 4, 2020). Vaccinations have begun, with 368 inmates and 331 staff fully inoculated across the Allenwood complex. *Id.*

4

COVID-19, he has, unfortunately, already felt whatever impact these conditions would ordinarily have.  Additionally, Brown is just 25 years old, significantly reducing his risk level.  *See* Def.'s Mot. at 9; *Risk for COVID-19 Infection, Hospitalization, and Death By Age Group*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-age.html (last visited Mar. 4, 2021).  In light of Brown's recovery from the virus—as reflected by his negative test result and reported lack of symptoms as of December 3—and the low risks of reinfection, his conditions do not constitute extraordinary and compelling reasons for release.  *See, e.g.*, *United States v. Santiago*, No. 92-CR-563 (BMC), 2020 WL 4926470, at *2 (E.D.N.Y. Aug. 21, 2020) (holding that prior COVID-19 diagnosis, "even in an individual with risk factors for severe complications or death," does not constitute extraordinary and compelling reason for release).

Nor has Brown identified any particular medical treatment that USP Allenwood is unable to provide him, or claimed he is unable to provide self-care.  *See United States v. Martin*, 15-CR-6132 (FPG), 2020 WL 4361679, at *2 (W.D.N.Y. July 30, 2020) (denying release where defendant had asthma and COVID-19, but had not shown "that the medical care he would receive if released is superior" or "describe[d] any additional treatment for COVID-19 that he should be receiving or that he could receive if he were released"); *Zubkov*, 460 F. Supp. 3d at 455–56 (denying release where defendant continued to have symptoms after recovering from COVID-19, but was stable and receiving adequate care).  "Nonetheless, the Court trusts that the BOP will continue to monitor—and treat, as required—[defendant's] health conditions," *Zubkov*, 460 F. Supp. 3d at 457, and continue its vaccine rollout apace.

Conclusion

In line with the foregoing, the Court concludes that there are no "extraordinary and

5

compelling" reasons warranting compassionate release, and therefore, Brown's motion is denied.

So Ordered.

Dated: Brooklyn, New York

March 4, 2021

                                                                                               /s/ Eric N. Vitaliano
                                                                                             ERIC N. VITALIANO
                                                                                             United States District Judge